# MINUTES OF THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

FILED ____ LODGED
RECEIVED ____ COPY
JUN 2 2 2004
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ____ DEPUTY

**MARJORIE HENDERSON, et al.,**   v.   **NAVAJO NATION, et al.,**

THE HONORABLE JOHN W. SEDWICK          CASE NO. **03-2162 PCT** (JWS)

PROCEEDINGS:   **ORDER FROM CHAMBERS**                    June 17, 2004

---

At docket 5, defendant Navajo Nation moves to dismiss the action against it based upon, *inter alia*, the lack of subject matter jurisdiction and the doctrine of sovereign immunity. At docket 7, defendant United States moves to hold this action in abeyance pending the Ninth Circuit's decision in *Snyder v. Navajo Nation*, or alternatively, to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and (7). At docket 15, plaintiffs Marjorie Henderson, *et al.*, move to transfer the case to the United States Court of Federal Claims pursuant to 28 U.S.C. § 1631. The motions are opposed. Oral argument has not been requested, and it would not assist the court.

On June 10, 2004, the Ninth Circuit filed its decision in *Snyder v. The Navajo Nation.* The court held that the Fair Labor Standards Act ("FLSA") does not apply to the Navajo Nation's Department of Public Safety, and that the "638 Contract," which is a self-determination contract between the Navajo Nation and the Bureau of Indian Affairs ("BIA") pursuant to the Indian Self-Determination and Education Assistance Act of 1975 ("ISDEAA"), does not deem the plaintiffs federal employees for purposes of the FLSA. 02-16632, 03-15395, 2004 WL 1277031 at *3-*4. The court explained that "tribal law enforcement clearly is a part of tribal government and is for that reason an appropriate activity to exempt as intramural." *Id.* at *2; *see also* 29 U.S.C. §§ 207(k), 207(o). Further, "Congress, [ ] , did not intend section 314 [of the ISDEAA, which states that Indian contractors are deemed to be a part of the BIA and that any civil action "shall be deemed to be an action against the United States. . . ."] to provide a remedy against the United States in civil actions unrelated to the [Federal Tort Claims Act]." *Id.* at *4.

The factual foundation, as well as the substantive allegations, in the *Snyder* and *Henderson* cases are identical. Accordingly, defendant Navajo Nation's motion to dismiss at docket 5 is **GRANTED**; the United States' motion to dismiss at docket 7-2 is **GRANTED,** and its motion to hold the action in abeyance at docket 7-1 is **DENIED as moot**; and, plaintiffs' motion to transfer the case at docket 15 is **DENIED as moot**.

